IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV273-01-MU

HOWELL W. WOLTZ, et al.,     )
                             )
    Plaintiffs,               )
                             )
    v.                        )         **O R D E R**
                             )
DANIEL E. BAILEY, et al.,     )
                             )
    Defendants.               )
_____)

**THIS MATTER** is before the Court for an initial review of Plaintiffs' Complaint pursuant to 42 U.S.C. § 1983, filed July 6, 2009, and Plaintiffs' Motion for Order to Show Cause (Doc. No. 6), filed August 4, 2009.

Plaintiffs have filed a Complaint setting forth claims of deliberate indifference to specific medical needs. Howell Woltz alleges that from April 18, 2006, until September 27, 2007, and from April 27, 2009, until the present, he has not received any dental care and that as a result he has suffered abbesses and tooth loss. Plaintiff Woltz asserts that despite x-rays demonstrating a need for dental care, treatment has been withheld in violation of his constitutional rights. Plaintiff Woltz also alleges that the medicine he has been prescribed for pain relief for his teeth has been withdrawn periodically. Plaintiff Woltz also alleges that he suffered a shoulder injury on April 29, 2009, and that he received no care for his shoulder injury for two months and even once x-rays were taken further treatment was denied.

Plaintiff Odueso alleges that he has not received any dental care since July 5, 2005, when he

was first incarcerated.  Plaintiff Odueso also alleges that he has developed serious skin ailments and that treatment for this ailment has ceased leaving him in pain and unable to exercise.  Plaintiff Odueso also alleges that he suffers from sinus infections because he has been denied medical treatment for ear infections.

Plaintiff Sheffey alleges that he suffers from bleeding gums and severe soreness due to difficulties with a partial plate abrading the upper palate.  Plaintiff Sheffey alleges that he has been denied correction of the underlying problem and instead been prescribed medicine to reduce the infection.

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties.  Pursuant to Rule 20, "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

No one transaction, occurrence, or series of transactions or occurrences is common to all Defendants.  Each individual alleges separate and distinct medical issues.  Moreover, the issue of actual injury will be separate and distinct for each plaintiff.  As such, they may not join together as plaintiffs in a single action and the Complaint is dismissed.

In addition, the Court notes that despite filing the Complaint almost one month ago, to date Plaintiffs have failed to pay the entire filing fee.  That is, the Court has received two payments of $ 150.00.  The filing fee for a civil action in this court is $ 350.00.  The Complaint is dismissed on this basis as well.

**THEREFORE IT IS HEREBY ORDERED** that:

1. The Complaint is **DISMISSED without prejudice**;

2. Plaintiffs' Motion for Order to Show Cause is **DENIED** as moot; and

3. To avoid any inequity due to failure to understand the process, the Clerk is ordered to refund the portion of the filing fee paid by each Plaintiff. A review of the payment receipts indicates that two payments of $ 150.00 were made and that both receipts indicate that the payments were made by, or on behalf of, Howell Woltz. Consequently, the Clerk is directed to refund Mr. Woltz $ 300.00.

Signed: August 11, 2009

Graham C. Mullen
United States District Judge